GEORGIA, FLORIDA & ALABAMA RAILWAY COMPANY *v.* BITTICK & MAYS.

GEORGIA, FLORIDA & ALABAMA RAILWAY COMPANY *v.* MAYS & BITTICK.

1. On the second trial of a case, after the grant of a new trial, a witness who had testified on the first trial was absent. His testimony, as incorporated in the brief of evidence agreed upon by counsel and approved by the court in connection with the motion for a new trial, was offered in evidence. To lay the foundation for its introduction a witness testified, that he was the general manager of the defendant railroad company, and had succeeded the absent witness as such; that he did not know where the witness was; that such witness was with a named railroad at Mobile, Alabama, but he understood that the witness had left there and gone to North Carolina; that such witness left the defendant railroad company and accepted another position at Mobile, and left there and went to another railroad; that he located such witness about ten days before the trial, and wrote to the witness several letters and sent him several telegrams; that the absent witness finally went back to Mobile, moving his family to North Carolina, and telegraphed to the testifying witness that it would be impossible for him to be present; and that the testifying witness had not heard from him for a week or ten days. *Held,* that this made out a prima facie case of inaccessibility on the part of the absent witness; and, there being no other evidence on the subject, it was error to exclude his testimony on the former trial.
2. The matter of permitting the plaintiff to introduce additional testimony after the defendant has announced closed is addressed to the sound discretion of the presiding judge, and it was not abused in this case.
3. While the excerpts from the charge may have contained one or two inaccuracies of expression, yet, when considered in connection with the entire charge, they do not constitute serious error. On another trial they will doubtless be eliminated.

JULY 25, 1914.

Actions for damages.   Before Judge Worrill.   Miller superior court.   January 27, 1913.

*T. S. Hawes, Bush & Stapleton,* and *Krause & Rich,* for plaintiff in error.   *Persons & Persons* and *W. I. Geer,* contra.

LUMPKIN, J.   These cases were formerly before the Supreme Court, and a reversal was had.  136 *Ga.* 138 (70 S. E. 1106).   On the second trial a material witness on behalf of the defendant was absent.   The defendant offered his testimony as contained in the brief of the evidence agreed upon and approved in connection with the previous motion for a new trial.   The evidence offered to show the inaccessibility of the witness is sufficiently stated in the first headnote.   It was enough to show prima facie that the absent witness was in another State and inaccessible, and that unsuccessful efforts had been made on behalf of the defendant to obtain his presence.  *Eagle & Phenix Mfg. Co.* v. *Welch,* 61 *Ga.* 444, and cases cited.   While in *Atlanta & Charlotte R. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), it was said that the determination of whether or not a witness beyond the jurisdiction of the State was inaccessible in the sense in which that word is employed in the code was in each case a matter of determination by the presiding judge in the use of a sound discretion, yet, under the facts here appearing, we think that a case of inaccessibility was prima facie shown; and there being no conflicting evidence or other reason to throw doubt upon the showing so made, the evidence should have been admitted.   No injustice can arise from this, because the witness had testified on a former trial, and had been cross-examined, and his entire examination was contained in the brief of evidence offered in evidence.

It having been shown that the witness was out of the State, and that he had expressed an inability to be present some ten days before the trial, it was unnecessary, in order to show diligence, for the party desiring to use his testimony to continue to telegraph to him up to the very time when the trial took place.   Some courts have held that there should be an effort to obtain the testimony of a witness out of the State, by interrogatories.   But this has not been considered necessary by this court, where the witness has been subject to examination and cross-examination on a former trial of the same case, and his testimony at such trial has been offered at the second trial.   *Judgment reversed in each case.   All the Justices concur.*