### BROWN *et al. v.* MATHESON.

LUMPKIN, J. 1. Where a nuncupative will was offered for probate, and an appeal was entered from the judgment of the court of ordinary to the superior court, and when the case came on for trial in the latter court it was shown that one of the witnesses to the will had removed from the State of Georgia and was residing in another State, it was competent to prove by another witness the substance of the testimony that such absent witness delivered on the trial in the court of ordinary. Civil Code (1910), § 5773; *Georgia, Florida & Alabama Ry. Co. v. Bittick & Mays,* 142 *Ga.* 191 (82 S. E. 548).

2. On the trial in the court of ordinary, the caveators employed a stenographer to take down the evidence, and subsequently caused it to be written out for their convenience. The report was not an official one, nor does it appear that it was ever agreed to by the parties, or verified in any way. *Held,* that the existence of such a transcript did not render inadmissible the evidence of a witness on behalf of the propounder, showing the testimony given by the inaccessible witness on the former trial.

3. The requests to charge, so far as they were proper, were sufficiently covered by the general charge. Some of them were argumentative in character; and arguments do not furnish proper matter for a charge, although in part they may be extracted from opinions of judges of this court.

4. The assignments of error upon certain excerpts from the charge of the court were without merit, when the portions of the charge to which exceptions were thus taken are read in connection with the entire charge.

5. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
SEPTEMBER 18, 1914.

Probate of will. Before Judge Jones. Stephens superior court. June 28, 1913.

*John F. Methvin, Claude Bond,* and *J. J. Kimsey,* for plaintiffs in error. *Davis & Davis* and *W. A. Charters,* contra.