## 30514. LITTLES v. THE STATE.

JORDAN, Justice.

Charles Littles was convicted of the murder of Mary Virginia Reid and sentenced to life imprisonment. He appeals from his conviction and sentence.

1. The appellant contends that the court erred in overruling his motion to quash the indictment against him.

(a) The first ground of the motion is that the indictment fails to indicate the weapon or weapons with which the victim was shot.

The indictment is on a printed form. The space for indicating the type of weapon used in shooting the victim is blank, and the word "pistol" appears after the name of the victim. It is obvious that this was a clerical error. Both the appellant in preparing the case, and the jury in considering the indictment, would know that the appellant was charged with shooting the victim with a pistol. It was not error to overrule this ground of the motion to quash.

(b) The other ground of the motion is that the indictment fails to allege that the appellant's actions were "contrary to the laws of Georgia."

Code § 27-701 prescribes the form of every indictment by a grand jury. After describing the offense, the form contains the words: "contrary to the laws of said State, the good order, peace, and dignity thereof." The present indictment does not contain these words in the exact language of Code § 27-701.

The appellant relies on *Hardin v. State,* 106 Ga. 384 (32 SE 365) (1898), which held that an indictment entirely omitting the words prescribed by statute, "contrary to the laws of said State, the good order, peace, and dignity thereof," (Penal Code of 1895, § 929), was defective, and that a special demurrer thereto because of this defect should be sustained. The present Code § 27-701 is the same as § 929 of the Penal Code of 1895.

While we do not condone the failure of the district attorney in Greene County to use the form of indictment specified by Code § 27-701, the present indictment contains substitutionary words which have the same

effect as the words in the statute. The indictment charges that the appellant "in the peace of God and said state then and there being, then and there unlawfully, feloniously, wilfully and with malice aforethought, did kill and murder, etc." In view of these substitutionary words, we hold that the trial judge did not err in overruling this ground of the motion to quash the indictment.

2. The appellant contends that the court erred in allowing in evidence as a part of the res gestae, over objection, the testimony of the state's witnesses Miller and Wind concerning statements of the victim in which she named her assailant.

These witnesses saw the victim when she was lying near the edge of the road, calling for help, after she had been shot in the head. The witness Miller estimated that the time was ten to fifteen minutes after he had heard two shots. The witness Wind saw the victim prior to this time, and informed Miller of her plight. The circumstances related by these witnesses indicated that the victim's statements were spontaneous, made shortly after the occurrence, while she was in a critical condition from her wounds, and at a time when she was primarily concerned with obtaining assistance. The fact that some of the statements were in reply to questions of the witnesses would not render them inadmissible. *Turner v. State,* 212 Ga. 199 (91 SE2d 501) (1956); *Haralson v. State,* 234 Ga. 406 (3) (216 SE2d 304) (1975).

It was not error to allow the statements in evidence as part of the res gestae.

3. The appellant asserts that the court erred in admitting testimony of Sheriff Wyatt in which he related statements made by the victim at a committal hearing on October 29, 1974, wherein the committing court was investigating a charge against the appellant of aggravated assault by shooting the victim.

The sheriff testified that the appellant and his attorney were present at the hearing, and that the victim was cross examined by the appellant's attorney. He stated that the proceedings were not reported by a court reporter, and that he recalled the substance of the victim's testimony. He related the victim's testimony concern-

ing the shooting incident, and her identification of the appellant as the one who shot her. Objection was made to this testimony on the ground that it was hearsay, and that the committal hearing should have been reported.

Code § 38-314 (which has been the law of this State since the first Code) provides: "The testimony of a witness, since deceased, . . . given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies."

This statute has been applied to testimony at a committal hearing. *Robinson v. State,* 68 Ga. 833 (1882); *Hardin v. State,* 107 Ga. 718 (1) (33 SE 700) (1899).

Where no official record of a committal hearing is made, the testimony of a deceased witness may be established by oral testimony. The absence of an abstract of the evidence as required by Code § 27-406, or the fact that the evidence at the subsequent trial shows that someone present at the committal hearing took some unofficial notes of the testimony, would not prevent oral testimony of the deceased witness' testimony at the hearing. *Green v. State,* 124 Ga. 343 (1) (52 SE 431) (1905); *Brown v. Matheson,* 142 Ga. 396 (2) (83 SE 98) (1914).

It was not error to allow Sheriff Wyatt to relate the substance of the testimony of the victim given at the committal hearing.

4. The appellant contends that the verdict was not authorized by the evidence. Argument is directed mainly to the question of whether the evidence was sufficient to show that the injuries received by Mrs. Reid on August 12, 1974, caused her death on December 25, 1974.

Sheriff Wyatt testified that Mrs. Reid was in good physical condition, and able to work every day, prior to the time she was shot.

Mrs. Reid's death certificate listed the cause of her death as pulmonary embolus, due to bronchopneumonia, due to congestive heart failure. Under "other significant conditions contributing to death but not related to the

terminal disease condition" the certificate stated: "gunshot wound to right parietal area and scapula, left hemiparisis."

Dr. William H. Rhodes, who treated Mrs. Reid both before and after the shooting, testified that: He saw her at the Boswell hospital on August 12, 1974. She had gunshot wounds in her neck and head. He gave her emergency treatment and referred her to another hospital. He saw her later on several occasions as an out-patient. She was unable to use her left arm and hand, her left leg was weak, and she had some facial weakness. These were caused by the gunshot wound. She developed a psychosis, and because of her poor care and her mental disturbance, she was hospitalized for another period. He saw her again on December 15. She was hospitalized from this date through December 23. At this time she had bronchopneumonia and congestive heart failure. She was released on December 23, and returned to the hospital on the 24th. At that time she was comatose and the doctor on emergency duty was unable to revive her. It was the opinion of the witness that the cause of her death was pulmonary embolus. The gunshot wound left her weak physically, paralyzed on the left side. The psychosis she developed was consistent with her brain injury. He did not know whether the gunshot wound caused her death. The pulmonary embolus was consistent with the type of injury she received, because her partial paralysis and mental attitude made her inactive, and the inactivity could cause the embolus.

While the evidence was not overwhelming on the issue of whether Mrs. Reid's death was caused by the gunshot wounds, there was sufficient evidence to authorize the jury to conclude that the wounds were the cause of the pulmonary embolus from which she died. The evidence, therefore, authorized the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED APRIL 6, 1976 — REHEARING DENIED APRIL 20, 1976.

*David G. Kopp,* for appellant.

*Joseph A. Briley, District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley, Staff Assistant Attorney General,* for appellee.