## 54637. BARKER v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of aggravated assault with a deadly weapon. *Held:*

1. Defendant complains of denial of her request for a copy of the investigative officers' memoranda as they pertain to the state's witnesses and in particular denying her request for a copy of the memorandum as it pertained to a witness, a Mr. McDaniel. At the start of the trial, the trial judge made an in camera inspection of the state's file and announced there were only summaries of verbal statements in the file given to police by the witness and no written statements. The court announced it would keep the file before it during trial and that if there was any departure between the summaries and the testimony of a witness it would be brought to counsel's attention. The trial judge's in camera inspection and his continuing inspection of the police investigative file for variations in a witness' testimony complied with Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), which prohibits only the prosecution's suppression of material evidence on the merits of the case or on punishment which is favorable to the defendant. There was no showing of any suppression of any exculpatory material here. There is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706). Likewise, there is no Georgia statute or procedure which dictates that a district attorney open his files to a defendant, and the latter is not entitled as a matter of right to receive copies of police reports. *Henderson v. State,* 227 Ga. 68 (179 SE2d 76). Defendant's reliance on *Brown v. State,* 238 Ga. 98 (231 SE2d 65) is misplaced, for that decision does not hold the state has to turn over investigative reports nor does it require counsel be furnished with statements of witnesses. It only held that the notice to produce provisions of Code § 38-801 (g) applied to a criminal case but it specifically did not decide what has to be produced pursuant to a notice to produce.

2. A state's witness was permitted to testify over

objection as to what the victim of the assault told him very shortly after the incident occurred. This testimony was admissible as part of the res gestae under Code § 38-305. See *Littles v. State,* 236 Ga. 651(2) (224 SE2d 918).

3. The evidence authorized the conviction.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 3, 1977 — DECIDED NOVEMBER 14, 1977 — REHEARING DENIED DECEMBER 13, 1977 — ▮

*Glyndon C. Pruitt,* for appellant.

*Bryant Huff, District Attorney, K. Dawson Jackson, Assistant District Attorney,* for appellee.