## 60893. DRESSLER et al. v. THE STATE.

SHULMAN, Presiding Judge.

Defendants were convicted of two counts of burglary. We affirm.

The indictments brought against defendants charged that defendants did "unlawfully without authority and with intent to commit a theft therein, enter certain motel room[s] No. 155 [and] No. 225 of LaPorte, Inc., the owner thereof, and known as Holiday Inn . . ."

1. Defendants argue that the trial court erred in failing to grant their motion to suppress the inculpatory contents of a black leather bag found under the hood of defendants' automobile. Defendants argue that the search and seizure of the automobile was conducted prior to the issuance of a search warrant and that no exigent circumstances necessitated the search without a warrant.

Conceding that there was some confusion as to whether the bag was seized before or after the search warrant was issued, there was, nevertheless, probative evidence that the bag was seized following and pursuant to the issuance of the search warrant. Defendants' contentions to the contrary notwithstanding, the court was therefore authorized to determine that the search and seizure was not warrantless. Defendants' complaint that no exigent circumstances justified the warrantless search of their automobile is moot.

2. Even if a warrant had been issued prior to the search and seizure, defendants contend that the warrant was issued without probable cause. We disagree.

The affidavit which formed the basis for the warrant stated that the affiant-police officer, while conducting a surveillance of the Holiday Inn, observed the defendants (who were registered in room 137 of the Holiday Inn) near room 225 of the motel; that he observed one of the defendants enter room 225 (which was registered to a Mr. Verner and his family); and that the registered occupants were not present when the defendant entered the room. The affiant also averred that, on the same evening, he observed the defendants go to

and raise the hood of a brown Cadillac and apparently place something under the hood of that vehicle. (This automobile was the subject of the search warrant issued to discover tools and instrumentalities of the crime of burglary.)

The affiant further stated that the defendants were observed early the following morning near room 155, which was registered to a Mr. Britt. One of the defendants was observed entering the room when the registered occupants (Mr. Britt and his wife) were not present. The defendant was subsequently seen leaving that room, going to a Lincoln Continental automobile (verified to belong to Mr. Britt), and opening and searching through the trunk of that vehicle. This same defendant was seen going to the brown Cadillac a short time later and, again, raising the hood of that car and appearing to place something under the hood of the vehicle.

Based upon the foregoing observations of the affiant in support of a search warrant for the brown Cadillac, we cannot agree with defendants' contention that there was no probable cause for the issuance of the warrant. The affidavit clearly warranted the finding of probable cause to believe that defendants entered the above rooms without authority and that burglary tools would be found in the defendants' automobile. Defendants' contentions to the contrary are unpersuasive.

3. Defendants argue that, even if prior to the search of the automobile a valid search warrant for the automobile was obtained, the warrant did not extend to the search and seizure of the small black leather bag that was found inside and strapped to the hood of their automobile.

Citing United States v. Chadwick, 433 U. S. 1 (97 SC 2476, 53 LE2d 538), and Arkansas v. Sanders, 442 U. S. 753 (99 SC 2586, 61 LE2d 235), defendants contend that a second warrant was necessary to search the bag without defendants' consent. We disagree. Factual distinctions between the instant case and United States v. Chadwick and Arkansas v. Sanders render the holdings of these Supreme Court cases inapposite.

In United States v. Chadwick and Arkansas v. Sanders, the complained of searches were warrantless. In the case at bar, we have determined that the search was conducted pursuant to the issuance of a valid search warrant. Moreover, in United States v. Chadwick and Arkansas v. Sanders, pieces of luggage were removed from the trunks of automobiles and searched. The small black case seized here was not a suitcase or a piece of luggage. Rather, it was a small bag found strapped by a coat hanger to the inside of the hood of an automobile. Considering the size of the bag and its concealment, the state's search and seizure of the bag conducted pursuant to a warrant

to search the automobile for burglary tools did not exceed the scope of that warrant.

"Not all containers and packages found by police during the course of the search will deserve the protection of the Fourth Amendment. Thus, some containers (for example a kit of burglar's tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance." Arkansas v. Sanders, supra, fn. 13.

The outward appearance of the small bag (in view of its size and concealment) suggests that it was a repository for burglary tools. That being so, we find that the search warrant issued in the instant case authorized the search and seizure of the bag. The trial court therefore properly denied defendants' motions to suppress the contents of the bag. See also United States v. Milhollan, 599 F2d 518, 527 (1979).

4. Defendants claim that the trial court erred in denying their motions for directed verdict on the ground that the state failed to prove that their alleged entry into the motel rooms was unauthorized. We disagree.

There was direct and circumstantial evidence that the defendants unlawfully entered the two rooms. An occupant of one of the rooms testified that neither she nor her husband had given anyone permission to enter their room. (Although the witness testified that she believed she occupied room 165, the evidence clearly shows that she, in fact, occupied room 155, one of the rooms alleged to have been burglarized by the defendants.) Indeed, the defendants removed the automobile keys belonging to the witness and her husband from that room, opened the trunk of the witness' automobile, and then returned the keys to that room. In view of the direct testimony that defendants had no authority to enter room 155, we do not find defendants' arguments against the denial of their motion for directed verdict on this count persuasive.

Although the evidence as to the defendants' lack of authority to enter room 225 is circumstantial, we cannot agree that the trial court erred in denying defendants' motion for directed verdict on that count. The mode and manner by which the defendants entered and exited the room; the fact that there was direct evidence that, during the same period of time, they entered room 155 without authority; the fact that defendants were found in possession of master keys and other burglary tools which would permit an unauthorized entry into the room; and the innkeeper's testimony that defendants were not registered in room 225, is evidence which gives rise to the reasonable inference that defendants' entry into room 225 was unlawful. No

other reasonable hypothesis appears.

Inasmuch as the above evidence is totally consistent with a finding that defendants' entry was unauthorized, and inconsistent with a contrary finding, a rational trier of fact could reasonably have found defendants guilty beyond a reasonable doubt of the crime of burglary. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 27, 1981 —
REHEARING DENIED MARCH 16, 1981 —

*John S. Carpenter, David D. Blum,* or appellants.
*Gary C. Christy, District Attorney,* for appellee.