A93A0159. BRINSON v. THE STATE.

(430 SE2d 875)

Judge John W. Sognier.

Appellant was tried before a jury and found guilty of burglary and aggravated sodomy. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Over appellant's hearsay objection, the investigating officer was permitted to relate the victim's description of her assailant, given to the officer ten or fifteen minutes after the victim had been taken to the hospital. The trial court's evidentiary ruling that her description

came within the res gestae exception to the hearsay rule is enumerated as error.

This testimony as to what the victim told the witness very shortly after the attack was properly admissible as part of the res gestae pursuant to OCGA § 24-3-3. *Haralson v. State*, 234 Ga. 406, 407-408 (3) (216 SE2d 304) (1975); *Barker v. State*, 144 Ga. App. 339-340 (2) (241 SE2d 11) (1977). "The fact that some of the statements [might have been] in reply to questions of the [witness] would not render them inadmissible. [Cits.]" *Littles v. State*, 236 Ga. 651, 652 (2) (224 SE2d 918) (1976). "Such evidence should be admitted if it is relevant and made without premeditation. [Cit.] A trial [court's] determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous. [Cit.]" *Robinson v. State*, 197 Ga. App. 600, 601 (2) (399 SE2d 94) (1990). We find no error.

2. Over appellant's "chain of custody" objection, the trial court admitted into evidence the test results of a medical rape evidence kit containing a blood sample and an alleged semen sample taken from the body of the victim. "The evidence shows that the blood [and other fluid] sample[s] [were] handled in the normal course of testing and there is nothing in the record that creates a suspicion that the [samples] tested [were] other than [those] taken from the [body of the victim]." *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968). "In view of the evidence as to the tamper-resistant nature of the materials and procedures used to send the [samples] by registered mail, and the absence of [any physical manifestations of] tampering, it appears to a reasonable certainty that the evidence which reached the crime laboratory [serologist] is the same as that which was [taken from the victim's body]. . . . [I]t is obvious that one of the two officers who testified that he had mailed the [samples] has faulty recollection on this point. [However], none of the points argued by [appellant] amounts to evidence of tampering or cast[s] [any] doubt on the identity of the exhibits [so as] to amount to a broken chain of custody. [Cits.]" *Richards v. State*, 189 Ga. App. 146, 147 (1) (375 SE2d 278) (1988). "There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the [samples] into evidence. [Cit.]" *Langham v. State*, 196 Ga. App. 71, 72 (1) (395 SE2d 345) (1990). See also *Mutcherson v. State*, 179 Ga. App. 114 (345 SE2d 661) (1986).

3. Appellant was charged with the burglary of a motel room. At the close of the State's evidence, he moved for a directed verdict of acquittal as to the burglary charge. The denial of that motion is enumerated as error.

Appellant argues that because he was a friend of the persons renting the motel room he had implied permission to enter through

the open door. However, the lodgers testified that they had not given him permission to enter, but that they were on their way out when appellant knocked on their door. They told appellant that they were leaving and left with the door closed and locked. Appellant then entered the room when the motel maid, the victim of appellant's sexual assault, left the door open while she was cleaning the room.

"The essential elements of burglary [as proscribed by OCGA § 16-7-1 (a)] are unauthorized entry and intent to commit a theft or other felony. Without proof of the essential element of unauthorized entry, a burglary conviction cannot stand. [Cits.]" *Caldwell v. State*, 183 Ga. App. 110, 111 (1) (357 SE2d 845) (1987). "The [S]tate proved that the dwelling was entered without authority of the . . . lawful occupant. This was sufficient to allow the case to go to the jury for decision. . . ." *Murphy v. State*, 238 Ga. 725, 729 (2) (234 SE2d 911) (1977). In view of the direct testimony that appellant had no authority to enter the motel room, the trial court correctly denied his motion for directed verdict of acquittal. *Dressler v. State*, 158 Ga. App. 11, 13-14 (4) (279 SE2d 454) (1981).

4. Appellant enumerates the general grounds as to the aggravated sodomy count, arguing that the State failed to prove lack of consent.

"A person commits the offense of aggravated sodomy when he commits sodomy with force and against the will of the other person." OCGA § 16-6-2 (a). The victim's testimony was ample proof that the act of anal sodomy was committed with force and against her will. *Robertson v. State*, 184 Ga. App. 796 (1) (363 SE2d 43) (1987). Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could reasonably have found from the evidence adduced below proof of appellant's guilt of aggravated sodomy beyond a reasonable doubt according to the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Clark v. State*, 186 Ga. App. 882 (369 SE2d 282) (1988).

*Judgments affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 29, 1993.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas*, *Nancy J. Berger*, Assistant District Attorneys, for appellee.