## 28439. PITTS v. GLASS.

INGRAM, Justice. The alleged denial of effective assistance of counsel at a burglary trial is the sole issue presented in this habeas corpus appeal. The appellant was tried and convicted for burglary in the Superior Court of Henry County. His conviction was affirmed in a 5 to 4 decision of the Court of Appeals and is reported in 128 Ga. App. 434 (197 SE2d 495). Certiorari was denied by this court.

Thereafter, appellant filed his petition for a writ of habeas corpus and a hearing was conducted before the same trial judge who presided at the burglary trial. Appellant was represented at the main trial by counsel appointed by the court. After conviction for burglary, appellant's family retained other counsel to prosecute the appeal but no issue was made as to appointed counsel's competence at the trial until it was asserted in the habeas corpus proceeding following affirmance of the conviction by the Court of Appeals.

The trial court entered an order at the conclusion of the habeas corpus hearing which, in pertinent parts, reads as follows: "The above case having come before the court for hearing and the Court having heard the evidence and argument of counsel, the following findings of fact and conclusions of law are entered: (1) That petitioner is in the custody of the respondent by virtue of his conviction by a jury and a sentence of 20 years for burglary,

which conviction was affirmed on appeal by a decision of the Georgia Court of Appeals. (2) That said petitioner was represented by competent counsel . . . who is found to be a qualified attorney . . . (4)The court further finds that none of the petitioner's constitutional rights were violated, that his conviction was lawful. (5) The court also finds that the petitioner had ample time and opportunity to discuss this case with (counsel) prior to the trial and that the petitioner understood his right to make an unsworn statement and knew and understood the consequences of any statement that he might make to the jury trying his case."

Appellant urges in this appeal that under the standard for measuring the effectiveness of counsel noted by the Federal Circuit Court in West v. State of Louisiana, 478 F2d 1026 (5th Cir. 1973), a conclusion is required that his appointed counsel at the burglary trial was ineffective. The standard of effectiveness referred to in West was stated in MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960), as follows: "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." (Emphasis supplied.)

This court has previously recognized many times that the right to effective counsel is of paramount importance. As recently as *MacAuliffe v. Rutledge,* 231 Ga. 1, 3 (200 SE2d 100), this court observed that: "The right to counsel is [the accused's] most vital and precious right since any other rights the accused may possess will remain sterile unless he has effective counsel to assert them in his behalf." See also, *Jackson v. State,* 176 Ga. 148 (1) (167 SE 109).

This does not mean, however, that an accused who is dissatisfied with the outcome of the trial or the appeal can subsequently free himself from the demands of justice by determining on account thereof that his counsel must have been ineffective because he was convicted. On the contrary, the effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered.

The record in this appeal reveals that appellant's appointed trial counsel is a graduate of an accredited law school, a general practitioner of 18 years experience at the Georgia Bar, whose practice consists, to the extent of 25-percent to 40-percent, of

criminal law experience and that he enjoys broad public contact and service. It is unnecessary to recite in detail the chronology and extent of services rendered by appointed counsel prior to and during the trial. The appellant, judging these services ineffective by hindsight, now complains but the trial judge in the main trial who is familiar with counsel and the services he rendered to the appellant, heard the habeas corpus proceedings and determined that appellant "was represented by competent counsel . . . who is found to be a qualified attorney."

As observed in *Johnson v. Caldwell*, 228 Ga. 776, 778 (187 SE2d 844): "What was said by this court in *Estes v. Perkins*, 225 Ga. 268 (1) (167 SE2d 588), applies here. 'While another lawyer or other lawyers, had they represented the petitioner upon her trial, might have conducted her defense in a different manner, and might have exercised different judgments with respect to the matters referred to in her petition, the fact that her attorneys chose to try the petitioner's case in the manner in which it was tried and made certain decisions as to the conduct of her defense, with which she and her presently employed attorneys now disagree, does not require a finding that their representation of the petitioner was so inadequate as to amount to a denial to her of the effective assistance of counsel.' "

There is evidence in the record to support the conclusions reached by the trial court in its habeas corpus judgment and that judgment is affirmed. *Laidler v. Smith*, 227 Ga. 759 (1, 3) (182 SE2d 891).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 26, 1973 — DECIDED JANUARY 28, 1974.

*Glenn Zell*, for appellant.

*Philip T. Keen*, for appellee.