## 29418. BROWN v. RICKETTS.

HILL, Justice.

This habeas corpus petitioner was originally found guilty in June, 1973, by a Sumter Superior Court jury of two felonies (possessing marijuana and possessing depressant and stimulant drugs) and one misdemeanor (possessing dangerous drugs). After the finding of guilt,

the jury received evidence of a prior plea of guilty to the charge of possessing depressant and stimulant drugs and thereafter sentenced appellant to serve one year in prison on one felony and to pay a fine of $1000 on the other. The trial judge set the sentence on the misdemeanor at twelve months, to be served consecutively.

Appellant's trial counsel appealed to the Court of Appeals, asserting as one enumeration of error the trial court's overruling of a motion to suppress evidence allegedly seized illegally. The Court of Appeals affirmed. *Brown v. State,* 130 Ga. App. 11 (202 SE2d 268).

Appellant thereafter filed his petition for writ of habeas corpus in the Superior Court of Butts County which as amended alleged inter alia: (1) that probable cause did not exist for the issuance of the search warrant, (2) that the jury was biased against drugs and against appellant, who had formerly operated a bar in Americus, (3) that the drug evidence had been tampered with, (4) that the trial judge erred in setting the felony and misdemeanor sentences to run consecutively, (5) that the accused was subjected to self-incrimination by making an unsworn statement which was not subject to cross examination from which the jury concluded that he was guilty, and (6) that his counsel did not represent him effectively in that, among other things and in effect, his counsel did not demonstrate the jurors' bias toward drugs and toward appellant, did not prevail on the motion to suppress, and did not effectively cross examine the state's witnesses as to the chain of custody of the drugs.

At the hearing on the petition for habeas corpus, appellant and his former counsel testified. The court denied the petition, notice of appeal was filed and the record is now before this court. Having reviewed the habeas corpus record, transcript and exhibits, including the trial transcript, we find as follows:

1. The question as to whether probable cause existed for the issuance of the search warrant, i.e. whether the motion to suppress should have been sustained, was presented by trial counsel to the trial court, was overruled, and was appealed to the Court of Appeals, which affirmed on the merits. *Brown v. State,* supra. No change in either the facts or the law has occurred.

The writ of habeas corpus is not to be used as a means of obtaining a second appeal. *Brooks v. Ault,* 228 Ga. 863 (188 SE2d 799), and cases cited. After review by an appellate court, the same issues will not be reviewed on habeas corpus. *Elrod v. Ault,* 231 Ga. 750 (204 SE2d 176), and cits. The appellate courts exist to review appeals. It is not the function of state habeas corpus courts to review issues already decided by an appellate court and it is not the function of this court to review, on denial of the writ of habeas corpus, issues previously decided on appeal.

Although there is a rule that res judicata does not apply in habeas corpus (Salinger v. Loisel, 265 U. S. 224, 230 (44 SC 519, 68 LE 989)), that rule is applicable in federal courts (Wong Doo v. United States, 265 U. S. 239, 240 (44 SC 524, 68 LE 999)), as a result of the federal habeas corpus statute (Salinger, 265 U. S. 224, 231, supra. See also Price v. Johnston, 334 U. S. 266, 289 (68 SC 1049, 92 LE 1356)). This rule of practice in the federal courts, so far as we have been able to ascertain, has not been made applicable in state courts; i.e., does not have constitutional magnitude.

Our own revised habeas corpus statute (Ga. L. 1967, pp. 835, 836, as amended; Code Ann. § 50-127) provides that the writ shall be available where there has been a substantial denial of constitutional or legal rights (Code Ann. § 50-127 (1)). However, it also provides that a second petition for habeas corpus shall not be allowed where the issues therein raised could have been raised in the first such petition (Code Ann. § 50-127 (10), as amended by Ga. L. 1973, pp. 1315, 1316). Cf. 28 USCA § 2244.

The decision herein reached is consistent with our revised habeas corpus statute as amended. One review on the merits, whether on habeas corpus or on appeal of conviction, is sufficient, where neither facts nor law has changed. See the opinion of Judge Frank A. Hooper, then judge of Fulton Superior Court sitting specially on this court, in *Andrews v. Aderhold,* 201 Ga. 132, 135 (39 SE2d 61), cert. den. 329 U. S. 755 (67 SC 98, 91 LE 651).

2. The transcript shows that appellant had lived in Americus, Sumter County, where he was convicted, for twenty years. It also shows that he and his trial counsel went over the jury list and that appellant participated in

striking the jury. The alleged bias of the jury has not been demonstrated. As was noted in the court below, the jury set the sentence at one year and a fine of $1,000, when it could have set it at two years or $2,000 on each felony. No error in this regard has been shown.

3. The trial transcript shows that the seized drugs were delivered to an officer of the state patrol in a brown paper sack sealed by staples. It shows further that it was received at the state crime lab in a brown paper bag sealed with tape with an envelope stapled to the bag. Appellant contends that the evidence shows a discrepancy as between the sack being sealed with tape or sealed with staples, and that such discrepancy went undetected by his counsel and that it suggests the possibility of tampering.

In fact, what the evidence shows is that the brown paper sack (bag) was sealed with tape and staples. This is not evidence of tampering and no other evidence in support of this contention has been offered.

Although counsel cross examined regarding identification and custody of the package, he did not do so as to the tape and staples. For him to have done so could have convinced the jury that appellant's defense hinged on this alleged discrepancy in the testimony.

4. The only point made by appellant having facial substance is that the trial court erred in setting the felony sentence to run consecutively after the misdemeanor sentence. At the habeas corpus hearing, appellant relied on *Wade v. State,* 231 Ga. 131 (200 SE2d 271).

*Wade v. State,* supra, held that, by virtue of Code Ann. §§ 27-2502, 27-2534, and 27-2510, where a jury finds a defendant guilty of more than one felony and imposes the sentences thereon, if such jury does not specify that the sentences shall be served consecutively, they shall be served concurrently, and the trial court is without authority to impose such sentences consecutively. See also *Mathis v. State,* 231 Ga. 401 (202 SE2d 73), and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243).

However, those decisions involved felonies only. This case involves both felony and misdemeanor sentences. Prior to July 1, 1974 (see Ga. L. 1974, p. 352 and Ga. L. 1968, pp. 1364, 1365; 1969, p. 7 (Code Ann. § 102-111)), where an accused was found by a jury to be guilty of one or

more felonies and one or more misdemeanors, the jury determined whether the felony sentences were to run consecutively or concurrently ( *Wade v. State, Mathis v. State,* and *Gandy v. State,* all supra), but the trial judge set the sentences as to the misdemeanors. Code Ann. § 27-2506.

It was not error for the trial judge to set the felony sentence to run consecutively following the misdemeanor sentence. *Tischmak v. State,* 133 Ga. App. 534 (4) (211 SE2d 587). Code Ann. § 27-2510 (a) provides that "Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein." In appellant's felony sentence it was expressly provided therein that it shall be consecutive to the twelve month misdemeanor sentence imposed by the court. Having the power to set the misdemeanor sentence, it is immaterial whether the trial judge sets the misdemeanor sentence to follow the felony sentence, or sets the felony sentence to follow the misdemeanor sentence.

5. Since 1868 a person charged with a crime in Georgia could make an unsworn statement to the jury not subject to direct or cross examination by counsel, or could decline to make any statement at all. In 1961, the United States Supreme Court in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783), held that this practice had the effect of denying an accused the effective assistance of counsel in that counsel for the accused could not assist by means of direct examination.

In 1962, the General Assembly made provision whereby the accused could be sworn as a witness and be examined and cross examined by counsel. Ga. L. 1962, pp. 133, 134.

Thus, under our law as it existed in June, 1973, at the time of appellant's trial, an accused could make a sworn statement subject to cross examination, an unsworn statement not subject to cross examination, or no statement at all. Code § 38-415, as amended by Ga. L. 1962, pp. 133, 134. (The unsworn statement was eliminated as of July 1, 1973, Ga. L. 1973, pp. 292, 294.

See also Code Ann. § 102-111, supra).

From the transcript it is shown that appellant was fully advised by his counsel as to the available options, and was informed that the jury might infer from an unsworn statement, not subject to cross examination, that appellant had something to hide. Appellant chose to make an unsworn statement. Recalling his attorney's earlier warning as to the possible consequence of making an unsworn statement, appellant now regrets his choice and contends that he was subjected to self-crimination by the inference possibly drawn by the jury.

The law which provided an accused with the option of making an unsworn statement has not been declared invalid (Ferguson v. Georgia, supra), and it is not invalid in any way called to our attention.

6. Appellant also raises the issue of effective assistance of counsel. The grounds urged by appellant in an effort to demonstrate alleged ineffectiveness have heretofore been considered and shown to be without merit (Divisions 1, 2 and 3).

Perhaps appellant's underlying complaint is that the charges against two other persons arrested with him were, he says, nol prossed for lack of sufficient evidence. Whether this was in fact the disposition of those other charges this court does not know. Assuming, for purposes of review, that such charges were dropped, it makes no difference.

As this court previously has held, it is not whether a conviction was entered by which the effectiveness of counsel is measured; it is how the litigation was handled. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) and cits.

Our review of the record in this case in no way suggests, much less demonstrates, ineffectiveness of counsel. That other attorneys may have successfully handled other cases against other persons similarly situated does not demonstrate ineffectiveness in appellant's case. Compare *Johnson v. Caldwell,* 228 Ga. 776 (187 SE2d 844).

The habeas corpus court was correct in denying the writ.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 2, 1974 — DECIDED
FEBRUARY 25, 1975.

Lawrence B. Brown, *pro se.*
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.