## 29923. ALLEN v. HOPPER.

UNDERCOFLER, Presiding Justice.

Albert Allen appeals an order of Tattnall Superior Court dated January 21, 1975, denying his application for

habeas corpus and remanding him to the custody of the respondent. *Held:*

1. The appellant was tried and convicted in the Richmond County Superior Court on December 14, 1973, for the offense of burglary and sentenced to twenty years imprisonment.

Appellant's first contention in his petition for habeas corpus was that his retained counsel was ineffective in that he did not investigate the case. Although petitioner testified counsel had only one day to investigate the case the indictment offered in evidence by petitioner indicates retained counsel had been with the case at least since June 6, 1973. Petitioner further testified that his attorney did not explain to him his constitutional rights and failed to question the jurors on voir dire but admits the statutory voir dire questions were asked by the district attorney and that the attorney representing a co-defendant asked additional questions. The voir dire examination was not transcribed. The transcript reveals defendant's counsel was active in the trial of the case and appellant admits he filed a motion for new trial in his behalf. His counsel cross examined witnesses, directed appellant's testimony on direct examination and made objection to the venue of the trial. A distinction between retained and appointed counsel, for purposes of gauging counsel's effectiveness was made in Fitzgerald v. Estelle, 505 F2d 1334 (5th Cir. 1974). The trial judge applied the former test, "Where defendant has privately retained counsel, counsel's tactics and abilities are attributed to the defendant." He could not therefore complain of the ineffectiveness of his counsel. See 203 F2d 407; 377 F2d 853, 858.

Our review of the evidence, however, reveals that the finding of the trial judge that petitioner's contention of ineffectiveness of counsel is without merit is supported by evidence in the transcript of the original trial and the habeas corpus hearing. Appellant's counsel met the test of being reasonably likely to render and rendering reasonably effective assistance required of appointed counsel — a more stringent standard than that formulated in Fitzgerald for retained counsel. *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515); MacKenna v. Ellis, 280 F2d 592, 599 (5th Cir. 1960).

2. In appellant's second allegation he contends that there was no evidence to support the verdict of guilty. Insufficiency of the evidence is not grounds for habeas corpus relief. *Griffin v. Smith,* 228 Ga. 177 (184 SE2d 459); *Coleman v. Caldwell,* 229 Ga. 656 (2) (193 SE2d 846). See also Adkins v. Beto, 462 F2d 802 (6) (5th Cir. 1972).

No evidence was offered in support of appellant's other contentions and the trial transcript provides no support.

There is evidence in the record to support the conclusions reached by the trial court in its habeas corpus judgment and that judgment is affirmed. *Laidler v. Smith,* 227 Ga. 759 (1, 3) (182 SE2d 891); *Johnson v. Smith,* 225 Ga. 519, 520 (169 SE2d 812).

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who concur in the judgment only.*

SUBMITTED MAY 15, 1975 — DECIDED JUNE 24, 1975.

Albert Allen, *pro se.*

Arthur K. Bolton, *Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

