32635. SMITH v. HOPPER.

HILL, Justice.

John Eldon Smith is under a sentence of death based upon his convictions of two shotgun murders for profit. See *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976). He appeals the Tattnall Superior Court's denial of habeas corpus relief and dissolution of a stay of execution ordered after an evidentiary hearing, enumerating as error rulings of the habeas court that found no basis for granting the writ in the exclusion of prospective jurors and the introduction into evidence of a letter.

After petitioner's convictions for the murders of Mr. and Mrs. Joseph Ronald Atkins and the sentences of death were affirmed in *Smith v. State,* supra, the United States Supreme Court denied certiorari. Smith v. Georgia, 429 U. S. 932 (1976).

1. Petitioner contends that he was deprived of the constitutional right to be tried by an impartial jury

representing a true cross section of the community as required by Taylor v. Louisiana, 419 U. S. 522 (95 SC 692, 42 LE2d 690) (1975), because persons who would automatically vote against imposing the death penalty without regard to the evidence were excused from the jury. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968). He also urges that evidence was presented to the habeas court showing that a Witherspoon qualified jury is guilt-prone and hence more likely to convict at the guilt phase of a bifurcated trial.

Because this is a death penalty case, we will assume without deciding or finding that there is cause to allow these objections to the composition of the traverse jury after the convictions and sentences have otherwise become final. Code Ann. § 50-127 (1); *Fountain v. York,* 237 Ga. 784 (229 SE2d 629) (1976); Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976). See also Wainwright v. Sykes, — U. S. — (97 SC 2497, 53 LE2d 594) (1977).

Taylor v. Louisiana, supra, found that the Sixth Amendment and due process of law requirements that a traverse jury be selected from a representative cross section of the community is violated by the systematic exclusion of women from jury panels. The burden of petitioner's argument is that Taylor v. Louisiana has declared unconstitutional that which Witherspoon v. Illinois allowed. We do not find that to be the case. See *Porter v. State,* 237 Ga. 580 (1) (229 SE2d 384) (1976). Moreover, we decline to interpret the Sixth Amendment more restrictively than has the United States Supreme Court. See Oregon v. Hass, 420 U. S. 714, n. 4, p. 719 (95 SC 1215, 43 LE2d 570) (1975).

Regarding the alleged guilt-proneness of a Witherspoon qualified jury, the evidence remains uncompelling. *Wilkins v. Hopper,* 232 Ga. 796 (209 SE2d 147) (1974). See *House v. Stynchcombe,* 239 Ga. 222 (236 SE2d 353) (1977); *Porter v. State,* supra; Witherspoon v. Illinois, supra, p. 518; United States v. Fike, 538 F2d 750 (7th Cir. 1976), cert. den. 429 U. S. 1064 (1977).

2. Petitioner contends that the murder trial judge erred in failing to inquire of two excused prospective jurors whether they were able to make their personal

views on the death penalty subservient to their legal duty as jurors. This issue was considered on direct appeal, and this court found that excuse of these jurors ". . . was entirely proper since they indicated that they would never vote to impose the death penalty under any circumstances." *Smith v. State,* supra, p. 21, cert. den. Compare Davis v. Georgia, 429 U. S. 122 (97 SC 399, 50 LE2d 339) (1976). This matter, therefore, cannot be relitigated on writ of habeas corpus. *Brown v. Ricketts,* 233 Ga. 809 (1) (213 SE2d 672) (1975); *McCorquodale v. Stynchcombe,* 239 Ga. 138 (2) (236 SE2d 486) (1977).

3. Petitioner contends that a letter from him to his wife, a party in these crimes, should not have been allowed in evidence in rebuttal and as impeachment to testimony elicited from him on cross examination that he did not own a shotgun. *Smith v. State,* supra, (10). He urges that at his trial he was denied a full and fair opportunity to litigate the issue of the state's seizure of the letter. At that trial he was not denied a hearing. He took the position that the state had the burden of proving the legality of the seizure. Before the state's burden of proving a lawful seizure arises, the defendant must set forth ". . . facts showing wherein the search and seizure were unlawful." Code Ann. § 27-313 (b). This the defendant did not do, so that the trial court did not err in denying his demand for proof by the state. We therefore will not reconsider this seizure issue on review of the denial of habeas corpus relief (*Jacobs v. Hopper,* 238 Ga. 461 (233 SE2d 169) (1977); Stone v. Powell, 428 U. S. 465 (96 SC 3037, 49 LE2d 1067) (1976)), to determine whether, although the state may impeach a defendant as to testimony he volunteers, it may not impeach him as to relevant testimony specifically related to the case on trial yet elicited from him on cross examination. The state's relevant cross examination "Did you have a shotgun?" in this case is entirely different from the government's objectional inquiry in Agnello v. United States, 269 U. S. 20, 29-30, 35 (46 SC 4, 70 LE 145) (1925).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1977 — DECIDED OCTOBER 18, 1977 —
REHEARING DENIED NOVEMBER 1, 1977.

*Robert C. Glustrom, Sidney L. Moore, Jr., Anthony G. Amsterdam, David E. Kendall,* for appellant.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.