## 33400. HEAD v. HOPPER.

MARSHALL, Justice.

The appellant Head was convicted in the Superior Court of Henry County of one count of criminal attempt to commit armed robbery and one count of aggravated assault. He was sentenced to ten years on each count. His petition for habeas corpus was denied by the Tattnall Superior Court. We granted his application for a certificate of probable cause to appeal the order denying him habeas relief. This is the appeal.

1. Firstly, the appellant argues that he was denied effective assistance of counsel because his trial counsel did not have sufficient time to prepare for trial, investigate his case, and call witnesses to testify in his behalf; because his trial counsel failed to obtain a continuance; and, also, because his trial counsel failed to inform him of his right to challenge the array of the grand and traverse juries.

Appellant's trial counsel testified at the habeas

hearing that there was no need to request a continuance because the case was postponed for one month from the date it was originally scheduled, giving him sufficient time to prepare for trial. Trial counsel further testified that the appellant had not requested that he ask for a continuance. He also testified that, in his opinion, the grand and traverse juries were properly composed, and this is the reason he did not challenge them.

The habeas court's finding that the appellant was given effective assistance of counsel has evidence in the record to support it and is, therefore, affirmed.

2. Secondly, the appellant argues that although he was indicted, tried, and convicted of criminal attempt to commit armed robbery, he was sentenced for armed robbery.

The appellant bases this argument on the fact that his sentence sheet specifies the offense for which he is being sentenced to be "armed robbery-count one." It is apparent, however, that this portion of the sentence sheet has reference to Count 1 of the indictment, which is for criminal attempt to commit armed robbery. On this basis, the habeas court concluded that the reference in the sentence sheet to "armed robbery" rather than "criminal attempt to commit armed robbery" was a clerical error. We agree.

In addition, we note that the sentence to ten years for criminal attempt to commit armed robbery was within legal limits. See Code Ann. §§ 26-1006, 26-1902.

3. Thirdly, the appellant argues that he should not have been indicted for aggravated assault in that the offense which he committed was pointing a pistol at another.

The appellant is really arguing here that the evidence was insufficient to support the verdict. This claim is not cognizable in habeas proceedings. *Kreps v. Gray,* 234 Ga. 745 (218 SE2d 1) (1975).

4. Fourthly, the appellant argues that the trial court allowed a witness for the state to commit perjury. As found by the habeas court, the appellant did not carry his burden of presenting evidence in support of this argument. We, therefore, find it to be without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 17, 1978 — DECIDED APRIL 4, 1978.

James W. Head, Jr., *pro se.*

*Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.