## 34880. JACKSON v. THE STATE.

BOWLES, Justice.

Defendant, Jerry Lee Jackson, was convicted of murder and sentenced to life imprisonment. He brings two enumerations of error to this court.

We affirm.

1. Defendant first contends that the verdict was not supported by the evidence. The evidence showed that the defendant, the victim, the victim's mother, and one Martha Jackson (unrelated to defendant) were at the home of the victim's mother on the day of the shooting. During the course of the evening, the defendant objected to whatever it was that the victim was doing with Martha Jackson on the floor. The defendant apparently tapped or poked the victim in the back with his foot to get his attention. Thereupon, the victim got up from the floor and slapped the defendant. The defendant then stated "Now you slapped me once before, and you got away with it and went around bragging what you did to me; you are not going to get away with it this time," and shot the victim.[1]

The evidence was sufficient to support the verdict of the jury finding appellant guilty beyond a reasonable doubt. See Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant next asserts that the trial court erred in denying his motion to dismiss due to denial of a speedy trial. This court has recently examined the factors to be weighed and considered in determining this issue. See

---

[1]Defendant admitted this in his statement to the police and at trial. Martha Jackson, as well, testified at trial that defendant made this statement prior to the shooting.

*Washington v. State,* 243 Ga. 329 (253 SE2d 719) (1979); Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). See also *Haisman v. State,* 242 Ga. 896 (252 SE2d 397) (1979). Having examined these factors and considerations in light of the facts in this case, we conclude that this defendant has not been denied his right to a speedy trial. Particularly significant in this decision is that the allegation of prejudice to the defendant is unsupported by the evidence. He claims that an eyewitness to the shooting, the victim's mother, was unavailable because of the delay since she had died in December, 1977. Even if the witness had testified as defendant claims, her testimony would have been merely cumulative to what both Martha Jackson and the defendant testified. The testimony would not have provided even an arguable defense to murder and if she testified as she did in her taped statement to the police, it would have been detrimental to the defense.

We find no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED SEPTEMBER 6, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Richardson & Shedd, Ronald G. Shedd,* for appellant.

*F. Larry Salmon, District Attorney, Timothy Alan Pape, Assistant District Attorney, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.