## 35642. STEPHENS v. BALKCOM.

Bowles, Justice.

Defendant Joseph L. Stephens, convicted on two counts of robbery, is serving two concurrent ten-year sentences. His convictions were upheld on appeal in *Stephens v. State,* 144 Ga. App. 779 (242 SE2d 371) (1978). In October, 1978, Stephens filed a petition for a writ of habeas corpus, which was denied. We granted his application to appeal the denial of his petition for habeas corpus.

1. Stephens complains that the trial court denied him a full hearing on his allegations when the court failed to enter his trial transcript as evidence in support of his allegations. By the transcript Stephens sought to show that there was no evidence connecting him with the robberies and that the evidence presented did not prove the charges of the indictment.

As we have recently held in *Littles v. Balkcom,* 245 Ga. 285 (1980), "Georgia law requires claims as to the sufficiency of the evidence to be raised on direct appeal; such a claim may not be raised in a state habeas corpus proceeding. *Head v. Hopper,* 241 Ga. 164, 165 (243 SE2d 877) (1978); *Allen v. Hopper,* 234 Ga. 642 (2) (217 SE2d 156) (1975); *Coleman v. Caldwell,* 229 Ga. 656 (2) (193 SE2d 820) (1972)." There was no error in the court's failure to admit the trial transcript.

2. Stephens complains that his rights were violated by having two unrelated counts joined in a single indictment. This allegation was raised on appeal and decided adversely to Stephens. *Stephens v. State,* supra. After an appellate court has reviewed an issue, the same issue will not be reviewed in a hearing on a petition for writ of habeas corpus. *Smith v. Hopper,* 240 Ga. 93 (2) (239 SE2d 510) (1977); *Brown v. Ricketts,* 233 Ga. 809 (1) (213 SE2d 672) (1975); *Elrod v. Ault,* 231 Ga. 750 (204 SE2d 176) (1974).

3. Stephens complains that he was denied effective assistance of counsel at the habeas corpus hearing in Tattnall County. There is no merit to this argument because there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding.

*McClure v. Hopper,* 234 Ga. 45 (214 SE2d 503) (1970).

4. Stephens complains that he was denied effective assistance of counsel at trial, as demonstrated by his attorney's failure to object to certain illegal evidence produced by the state during the trial and the attorney's failure to subpoena a witness.

The "illegal evidence" petitioner refers to is a statement made by the district attorney in his opening remark to the jury in which he made reference to Stephens' aiding and abetting in the robberies when the indictment made no reference to aiding and abetting. Under Code Ann. § 26-802, one who participates in a crime by being a party to the crime or by aiding and abetting another can be indicted and convicted for the actual commission of the crime. In his opening remarks the district attorney was merely stating what the state sought to prove. There was no error in trial counsel's failure to object on the ground that the charge of aiding and abetting was not covered by the indictment.

Stephens' allegation that his trial counsel refused to subpoena his co-defendant to testify at trial was refuted by a deposition submitted by the trial counsel in which counsel testified that he interviewed all of the witnesses suggested by Stephens as well as his co-defendant. He stated that after thoroughly interviewing the witnesses, he discussed their responses with his client who agreed not to call any of them. Stephens did not contradict this statement. The decision as to which witnesses to call and all other strategical and tactical decisions are to be made by the lawyer after consultation with the client. *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977). Thus, Stephens' claim of ineffective assistance of counsel is without merit.

The habeas corpus court properly found that Stephens received effective assistance of counsel under the authority of *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974).

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED NOVEMBER 30, 1979 — DECIDED MARCH 18, 1980.

*Joseph L. Stephens,* for appellant.

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

I dissent to Division 1 for the reasons stated in my dissenting opinion in *Littles v. Balkcom,* supra, cited by the majority in that division.