60068. BISHOP v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant has taken this appeal from his conviction of nine counts of theft by receiving stolen property.

Appellate counsel for the defendant contends the trial court erred in denying his motion for a new trial on the basis that two searches of the defendant's home and the seizure of property found therein were illegal, and that defendant was deprived of effective assistance of counsel during the trial by the trial attorney's failure to

file a motion to suppress the evidence obtained as a result of the two searches, the failure to object to introduction into evidence of the property inventory of goods found during the search, and that counsel improperly placed the defendant's character in issue. *Held:*

1. Counsel argues that "[t]he search warrant of February 13, 1979 was invalid on its face." However, the issue presented by his combined argument is lack of probable cause for issuance of the warrant rather than facial invalidity. He contends the warrant and its supporting affidavit are "facially insufficient for four reasons . . . [1] it fails to state how the informant obtained his information . . . [2] it fails to state whether it is based upon personal knowledge or information . . . [3] it does not state when the informant obtained his information . . . [and, (4)] it fails to describe the criminal activity in great detail."

Counsel misperceives the correct rule for determining validity of a warrant. "The totality of the sworn circumstances before the magistrate may be considered in establishing probable cause. *Butler v. State,* 130 Ga. App. 469, 470 (1) (203 SE2d 558)." *Melton v. State,* 149 Ga. App. 506, 507 (254 SE2d 732). "In making this determination, we are not limited to the facts on the face of the affidavit, and we are free to make judgments on the veracity of any or all of the evidence." *Campbell v. State,* 226 Ga. 883, 885 (178 SE2d 257); accord *Johnston v. State,* 227 Ga. 387, 391 (181 SE2d 42). Thus, sworn oral testimony *(Simmons v. State,* 233 Ga. 429, 431 (211 SE2d 725)) and affidavits *(Tuggle v. State,* 149 Ga. App. 844 (3) (256 SE2d 104)) presented to the issuing magistrate must be considered in determining sufficiency of probable cause.

In the hearing on the motion for new trial, it was established that there were two informants and the officer requesting the warrant established their previous reliability to the trial court as he had to the magistrate. The affiant also testified that each informant had executed a sworn statement which had been given to the judge before he issued the warrant. The informants' statements were reviewed by the trial court, in camera, and then sealed. The gist of those statements was placed in the record through the sworn testimony of the affiant. Informant 1 had pointed out to the police places that had been burglarized, what property had been stolen, and had witnessed the sale of some of the stolen property to a man named "Roy" at an address "on Ponce de Leon Place." The defendant's name was Roy Bishop and he resided at 874 Ponce de Leon Place. The affiant checked police files and determined that the places pointed out by Informant 1 had been burglarized and the property mentioned had been taken. The informant stated that this information had been gained by talking to the burglars. Informant 1 took the affiant to view

some of the stolen property and he photographed it and gave a photo of the property to the judge before he issued the first warrant. Informant 2 knew the defendant and his home address, and was present in the defendant's home on two occasions during the week prior to the search. Informant 2 recognized a stereo as stolen and gave its model and serial number to the affiant. The officer checked the serial number against the police burglary report and verified that it had been stolen during a burglary. The judge who issued the warrants testified to substantially the same facts as the affiant.

The sworn testimony submitted to the issuing magistrate established how each informant obtained their information, and related that it was gained by talking to the burglars, by witnessing the sale of burglarized property to the defendant, and by viewing stolen property in defendant's home. One informant stated that the information was obtained within the past week from personal observation in the defendant's home. No specific date was necessary as long as a time frame was introduced which would permit the trial court to determine whether the informant's information was stale.

It was not necessary that the informant's information or the total sworn circumstances submitted to the issuing magistrate "describe the criminal activity in great detail," as contended by counsel. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), sets forth an "either-or" test relating to describing criminal activity in detail. "In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Id. In the instant case, the method by which the informants gained their information was set forth in the probable cause hearing of the magistrate and description of the accused's criminal activity was more substantial than a casual rumor or based on reputation.

We find there was probable cause shown for the issuance of the first search warrant, and the information obtained during the execution of the first warrant properly supplied the probable cause basis for the issuance of the second warrant. This enumeration is without merit. See *Simmons v. State,* 233 Ga. 429, 431, supra.

2. A review of the evidence of record finds no support for defendant's claim of ineffective assistance of counsel at trial. "In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), [the Supreme Court] adopted the standard for determining the effectiveness of counsel as enunciated in MacKenna v. Ellis, 280 F2d 592 (5th Cir. 1960). MacKenna, supra, recognized the constitutional right to

assistance of counsel as meaning 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering *reasonably effective assistance.*' " *Alderman v. State,* 241 Ga. 496, 511 (246 SE2d 642), cert. den. 439 U. S. 991.

a. At the outset we take note that the trial defense counsel secured an acquittal of the burglary charge and one count of theft by receiving stolen property, and a reduction of three counts of theft by receiving to guilty of a misdemeanor.

b. We find no substance to the argument that defense counsel was ineffective because he did not contest admissibility of the searches which were clearly based on probable cause and not improper for any reason advanced by appellate counsel.

c. A police investigator stated that when the officers executed the warrant for the search of the defendant's home it took them three days and nights to inventory the property taken as evidence. The 22 handwritten pages were reduced to 5 and 1/2 typewritten pages — which were introduced in evidence. Counsel at trial did not object to the oral testimony or the typed inventory of the property taken. On appeal, counsel objects to the introduction of the typed inventory but does not object to the oral testimony covering the same evidence. Of course, " '[t]he rule is that proof of the same facts by legally admissible evidence renders harmless the admission of incompetent or inadmissible evidence.' " *Payne v. State,* 152 Ga. App. 471, 473 (263 SE2d 251). See *Glass v. State,* 235 Ga. 17 (218 SE2d 776) and *Robinson v. State,* 229 Ga. 14, 16 (189 SE2d 53) as to waiver of any objection as to admissibility of evidence where the same evidence is admitted elsewhere without objection — and in the instant case neither trial nor appellate counsel objects to the oral testimony as to this same fact.

We find no reversible error for several reasons. The defendant was arrested at his home in possession of all the goods listed on the inventory — including all of that property charged in the 10 counts of theft by receiving. "[A]ll of the circumstances connected with the arrest is considered as proper evidence to be submitted to the jury to be used by them for what they are worth." *Hogsed v. State,* 150 Ga. App. 872, 873 (258 SE2d 688). Such evidence would be admissible as part of the res gestae. *Katzensky v. State,* 228 Ga. 6, 7 (183 SE2d 749). Additional stolen goods would be admissible as evidence of a system of mutually dependent crimes. *Natson v. State,* 242 Ga. 618, 620 (250 SE2d 420). In addition the tremendous amount of material, such as stereo equipment (50), tool boxes (41), electric drills (21), radios, tape recorders and golf clubs "were clearly interwoven" with the charges in the instant case and are admissible to illustrate a common motive and plan. *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30). We can not

reach a conclusion of ineffective assistance of counsel based upon a decision not to contest admissibility of this inventory.

d. At the introduction of the testimony of the defendant counsel stated: "All right, sir. Now, so that we won't be misleading the jury a bit, have you been in trouble before?" The defendant then described a conviction of the Mann Act and another for "obscene pictures and that was it."

On cross-examination by the district attorney, it was evident why defendant's counsel chose the tactic of letting the jury hear of the conviction from him rather than the prosecution. The district attorney stated: "That was for the Mann Act . . . the U. S. District Court in Miami, wasn't it? A. Yes, sir. Q. You got some time out of that, didn't you? A. Yes, sir . . . Q. Bringing a woman across the state line for immoral purposes? A. That's right . . . Q. You pleaded guilty to that, didn't you? A. I pleaded guilty . . . Q. You say you were convicted for something else. Can you tell me about that? A. Obscene literature. Q. Where was that at, sir? A. In Clayton County. Q. How about using obscene language in Fulton County? A. Fulton County, yes, sir . . . I pleaded guilty to that, yes, sir . . . Q. You were also convicted of assault and battery here in Fulton County . . . You pled guilty to some assault and battery, didn't you? A. As far as I recall back — when was that? Q. Back in September of 1964 . . . That's Carolyn Benson? . . . A. Well, that was on the same case . . . as using profane language . . . Q. How about Mrs. Betty Ann Sims? A. That is the same case. Q. You beat up two women? A. No, sir . . . Q. You pled guilty to it, didn't you? A. Yes, sir."

The transcript indicates that it was the trial strategy of defendant's counsel to let the jury hear of defendant's prior criminal record in its best possible light — from the defendant. It is also clear that the defendant did not make a full disclosure to his counsel or the jury when first asked. The prosecution was prepared and spread the defendant's criminal convictions upon the record. It is not uncommon for a defendant's lawyer to introduce evidence of his client's prior criminal offenses as part of trial strategy. *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306). Decisions as to "strategical and tactical decisions are to be made by the lawyer after consultation with the client." *Stephens v. Balkcom,* 245 Ga. 492, 493 (265 SE2d 596). And where the defendant's appellate complaint relates "to tactical judgments made by such [trial] counsel and, in the absence of a showing, and there is none in the present case, that the trial counsel's loyalty, integrity or best use of his ability is questioned, a new trial will not be granted on the ground that the defendant was not afforded competent representation." *Walker v. State,* 226 Ga. 292, 295 (174 SE2d 440). "Errors of judgment and tactical errors do not constitute

denial of effective assistance of counsel. Odom v. United States, 377 F2d 853 (5th Cir. 1967)." *Suits v. State,* 150 Ga. App. 285, 286, supra.

3. It is alleged the "search warrants in this case were invalid because they were issued by a magistrate who was neither neutral nor detached." We can not agree. Defendant, citing "Lo-Ji Sales, Inc. v. New York, 442 U. S. 319 (99 SC 2319, 60 LE2d 920) (1979)," claims "the Supreme Court of the United States reaffirmed the principle that the activities of a judicial officer charged with the responsibility of issuing search warrants must remain entirely separate from the individuals given the responsibility of executing the warrants in order that the requisite detachment and neutrality be maintained." What Lo-Ji actually held was "that a warrant authorized by a neutral and detached judicial officer is 'a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer "engaged in the often competitive enterprise of ferreting out crime." ' " Id. at 928. In Lo-Ji the magistrate "allowed himself to become a member, if not the leader, of the search party which was essentially a police operation." Id. at 929. The magistrate, in Lo-Ji, accompanied the police on the raid to make on-the-scene determinations of property subject to seizure. In the instant case, the police officer stated that Judge O'Connor had been with him during the investigation one time — "period." It was during an investigation of a burglary of Judge O'Connor's office. Judge O'Connor did not accompany the officers on this investigation or participate in any manner in the execution of the warrant that he issued. This enumeration is meritless.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JUNE 17, 1980 — DECIDED
SEPTEMBER 8, 1980.

*Joe Salem, Edward D. Tolley,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.