## 60779. CLAYTON v. THE STATE.

BANKE, Judge.

The appellant appeals the denial of his motion for new trial following his conviction for burglary. *Held:*

1. The trial court did not err in allowing evidence of a confession made by the appellant following his arrest. The appellant's contention to the contrary notwithstanding, the arresting officer testified at the Jackson v. Denno hearing that he advised the appellant of all of his Miranda rights, including his right to remain silent. The officer further testified that he made no threats or promises to the appellant to induce him to make the confession, although he did tell him that "if he entered a plea, the judge could sometimes take that into consideration; that that was up to the judge; that we wasn't the judge, and we couldn't promise him anything." This did not constitute a promise of reward, and the trial court was amply authorized to find that the confession was admissible under Code § 38-411. See generally *Person v. State,* 235 Ga. 814 (2) (221 SE2d 587) (1976).

In view of the foregoing, we need not consider the appellant's contention that the court erred in failing specifically to overrule his objection to the testimony concerning the confession.

2. The appellant contends that he was denied effective assistance of counsel because his court-appointed attorney did not talk to him until the day of trial, making it impossible for him to obtain the necessary witnesses to support his alleged alibi defense. However, the attorney submitted an affidavit stating that she had investigated the case prior to trial by interviewing several witnesses, had performed all legal research which she felt necessary to represent the appellant, had entered into plea negotiations with the district attorney's office, and had conferred privately with the appellant at great length before the case was called. Furthermore, at the close of the state's case, the trial court appointed an additional attorney to

assist with the defense, granted a one-week recess to allow time to secure witnesses, and indicated the state would pay the expenses. The court also granted the appellant leave to file any motions deemed desirable. The appellant met with his two attorneys several times during the course of the recess, but produced the names of no possible defense witnesses. Under these circumstances, we find no support for the claim of ineffective assistance of counsel. See generally *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1975); *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 8, 1980 — DECIDED OCTOBER 29, 1980.

*M. Dale English,* for appellant.

*Vickers Neugent, District Attorney, Lew S. Barrow, Charles R. Reddick, Assistant District Attorneys,* for appellee.