## 63845. SPANGLER v. THE STATE.

BIRDSONG, Judge.

Janet Spangler was convicted as a principal by aiding and abetting in an armed robbery. She was sentenced to serve five years. She brings this appeal enumerating as error that she was denied the effective assistance of counsel. Held:

The evidence showed that Ms. Spangler and her boyfriend, Martin, drove to Georgia from Florida. Martin was badly addicted to drugs and had introduced Ms. Spangler to such abuse. Martin had committed several other armed robberies in Florida, stealing money at first. However, it soon became apparent to him that he did better by stealing drugs which he could sell for money and also supply his own needs. While in Brunswick, Martin prevailed upon Ms. Spangler to drive him to a drug store and wait outside for him with the motor running while he went into a drug store and robbed it. She did this to help him and to earn money which he said he would pay her. Martin used Ms. Spangler's pistol to rob the drug store and came back out and told her it had been done but that someone in the store had seen him and escaped. Ms. Spangler drove across the street from the drug store and parked for thirty minutes in order to avoid detection. While there, Martin showed her what he had obtained and how much money he thought he could get for the drugs. After leaving the motel parking lot with Ms. Spangler still driving, they proceeded north where soon they were apprehended based upon a description of the car and the participant in the robbery. Martin was seen throwing a prescription bottle out of the window of the car. After their apprehension, the pistol was found in the passenger area and the bag of drugs was found in the trunk of the car. At the trial, both the state and defense stipulated that Martin's tape-recorded statement could be read to the jury and it was offered as evidence on behalf of both the state and Ms. Spangler. In it Martin (who did not appear) sought to exonerate Ms. Spangler, though equivocally.

Ms. Spangler was represented at trial by appointed counsel. After her conviction she obtained the services of privately retained

counsel. That counsel now finds fault of constitutional proportions with the defense afforded Ms. Spangler. It is alleged that the appointed counsel was so inexperienced as not to have organized any coherent defense; failed to subpoena Martin to testify that Ms. Spangler was not a participant; failed to request a charge on the crime of hindering the apprehension of a felon; failed to object to the use of Martin's statement because Martin was admittedly under the influence of drugs when he gave the statement and further, even participated in reading inculpatory portions of Martin's statement to the jury; as well as not objecting to the portions of Martin's statement that referred to earlier robberies committed in Florida.

Our examination of the transcript does not support the unfortunate attack upon the professional proficiency of appointed counsel. The allegation that appointed counsel was disorganized or did not present an organized defense, is not apparent in the record or transcript and is not supported by any references to the transcript by retained counsel. It is obvious that the only rational defense was that Ms. Spangler was a mere innocent bystander. That defense was effectively destroyed by Ms. Spangler's own admission that she and Martin had already discussed stealing drugs and she drove him to a drug store he had "cased" and waited outside for him with the motor running so she could make some money. Her almost successful attempt at evasion and flight, her discussions before and after the robbery all belie her innocent presence at the scene. Nevertheless, the point of mere presence was made as forcefully as possible by appointed counsel, both by sucessfully objecting to an earlier statement made by Martin that discredited the contention that Ms. Spangler did not know what was going to occur and by emphasizing in cross examination of the interrogator that Martin had insisted in the statement that Ms. Spangler was not a knowledgeable participant. Had Martin been called as a witness the state could have inquired into the prior statement and further impeached his contention that she was an innocent bystander.

The contention that appointed counsel did not request a charge on the offense of hindering the apprehension of a felon has no merit. The evidence did not give rise to such a crime; rather it showed, if anything, that Ms. Spangler was a willing participant. The crime was not charged and is not a lesser crime to armed robbery. No lack of judgment or expertise can be laid at counsel's feet on this ground. As to the contention that appointed counsel should have objected to the use of Martin's statement because he was under the influence of drugs, the statement clearly showed that he was totally aware of his surroundings and that the statement was not confused involuntary. The participation of appointed counsel in the admission

of the statement and his reading of Martin's portion to the jury was appropriate. The hoped for exculpation came from Martin. Lastly the reference to Martin's participation in earlier robberies in Florida is not a basis for finding fault. Martin's statement in this regard showed that he committed the robberies alone and he affirmatively stated that Ms. Spangler was unaware of them. Such testimony would tend to support the argument that Ms. Spangler likewise was unaware of the present robbery.

Effective counsel means counsel reasonably likely to render and rendering reasonably effective assistance, not errorless counsel. The standard of effectiveness is not to be judged by hindsight nor by the result that appellant was convicted. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). While another lawyer or other lawyers, had they represented appellant at trial, might have conducted the case in a different manner, and might have exercised different judgments with respect to matters referred to in the brief, the fact that the appointed attorney chose to try appellant's case as he did and made certain decisions as to the conduct of the defense with which appellant and the presently retained counsel now disagree, does not require a finding that the representation at trial was so inadequate as to amount to a denial of the effective assistance of counsel. *Allen v. Hopper,* 234 Ga. 642 (217 SE2d 156); *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306). We find no merit in the enumeration of error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 17, 1982.

*Lloyd E. Thompson, Jr.,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.