## 64144. HAYES v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of burglary. His motion for new trial was thereafter filed (general grounds only), amended, and after a hearing, denied. Defendant appeals. *Held:*

1. The evidence here was sufficient to support the verdict. After careful review of the entire record and transcript (although the evidence against the defendant was, in general, circumstantial), we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). There is no merit in any of the enumerations of error complaining of the sufficiency of the evidence to convict or with reference to the general grounds of the motion for new trial.

2. The fourth, fifth, sixth and seventh enumerations of error are concerned with certain exhibits allegedly admitted in evidence with reference to blood samples either found at the garage where the alleged burglary occurred or were obtained from the clothing of the defendant, as well as a blood sample of defendant's blood withdrawn while he was in custody, all of which were used for comparison purposes. First of all, there does not appear to have been any motion to suppress the exhibits with reference to the alleged seizure of the defendant's clothing, the blood recovered from the scene of the crime or withdrawn from the defendant. Second, when the exhibits were offered in evidence counsel for defendant made no objection to them being entered in evidence and same were admitted without objection. In addition, our examination of the transcript of the evidence and proceedings fails to disclose the exhibits with reference to these enumerations of error as a part of the evidence. Moreover, the expert testimony of the laboratory forensic serologist appears to have been admitted without objection as to the blood samples. As to the physical evidence the failure to interpose a timely motion to suppress pursuant to Georgia's Search and Seizure Act of 1966, which in Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571) provides for suppression of such evidence, "constitutes a waiver of the constitutional guarantee with reference to the search and seizure in question." See *Hawes v. State,* 240 Ga. 327, 333 (7) (240 SE2d 833), and cits. We find no merit in any of these enumerations of error.

3. The trial court did not err in admitting into evidence the expert testimony of the laboratory forensic serologist with reference to her testing of the blood samples in the lab. Indeed, we find no

objection as having been made to her testimony with reference to same except for defense counsel's thorough and sifting cross-examination as to her testing ability, technique and examination of her with reference to her knowledge of other tests. Further, no objection was made to the exhibits, which were admitted into evidence without objection, when same were tendered. It was also noted that she was fully qualified as an expert forensic serologist before her testimony in chief began. There is no merit in this complaint.

4. The remaining enumeration of error is that the defendant was not afforded the effective assistance of counsel for his trial. Clearly, there are many tactical decisions which counsel must make during the handling of any case. Simply because defendant's present counsel would insist upon certain pretrial motions, and, during the trial, would have made other objections had he tried the case does not amount to insufficient assistance of prior counsel. The right to counsel is one of effective counsel, but the Supreme Court of this state interprets same to mean not errorless counsel and *"not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance," (emphasis supplied) as adopted from MacKenna v. Ellis, 280 F2d 592, 599. See *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). See also *Hawes v. State,* 240 Ga. 327, 328-330, supra. Applying the legal standards set forth in the above cases to the case sub judice as found in the record before us we cannot say that defendant was denied his constitutional right to assistance of counsel simply because his counsel failed to make certain motions with reference to this case. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 13, 1982 —
REHEARING DENIED JULY 27, 1982 —

*Roland R. Castellanos,* for appellant.
*Thomas J. Charron, District Attorney, Charles C. Clay, Assistant District Attorney,* for appellee.