*Bar,* for State Bar of Georgia.

## 35265. GIBSON v. RICKETTS.

MARSHALL, Justice.

The appellant was convicted in 1975 of the murder and rape of Joan Delight Bryan. The evidence showed that the appellant had gone to the victim's farmhouse while her husband was away. While there, the appellant raped the victim, committed sodomy on her, and ended up fatally shooting her in the head in the presence of her four-year-old daughter. The appellant received the death penalty for the murder and rape convictions. On direct appeal to this court, the convictions were affirmed, as was the death sentence for murder; the death sentence for rape was set aside. *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976). This is the habeas corpus appeal. In the appeal, the appellant presents two enumerations of error.

1. At the appellant's trial, he filed a challenge to the array of the grand and traverse juries on the ground that there was a "systematic, intentional and discriminatory exclusion" of women, Negroes, and young adults between 18 and 30 years of age from the array of the grand and traverse juries, thereby violating his rights guaranteed by the due process and equal protection clauses of the State and Federal Constitutions. The trial court overruled the jury challenge. On direct appeal, this court affirmed, concluding that the grand and traverse juries were composed of a representative cross section of the population of the county. *Gibson v. State,* 236 Ga. 874, supra, pp. 878-882.

In the first enumeration of error, the appellant argues that his jury challenge should be reconsidered because of a change in the law brought about by the subsequent decision of the United States Supreme Court in Duren v. Missouri, — U.S. — (99 SC 664, 58 LE2d 579) (1979). The appellant correctly points out that under Duren the requirement that juries be selected from a representative cross section of the community is rooted,

not only in the equal protection clause of the Fourteenth Amendment, but also in the Sixth Amendment guarantee of an impartial jury trial in criminal prosecutions. However, the appellant acknowledges that the holding to this effect in Duren is based on the prior decision of the Supreme Court in Taylor v. Louisiana, 419 U. S. 522 (95 SC 692, 42 LE2d 690) (1975). Taylor v. Louisiana was decided on January 21, 1975. The appellant's trial was conducted in May of 1975. Therefore, it cannot be said that there has been any intervening change in the law that would provide any basis for the appellant's relitigating his jury challenge. Absent a change in either the facts or the law, those issues which have been decided on appeal cannot be relitigated in habeas corpus proceedings. *Smith v. Hopper,* 240 Ga. 93 (2) (239 SE2d 510) (1977); *Brown v. Ricketts,* 233 Ga. 809 (1) (213 SE2d 672) (1975). We find this enumeration of error to be without merit.

2. The appellant was arrested on April 14, 1975. Counsel was appointed to represent him the following day. In early May, the district attorney enlisted a prisoner confined with the appellant, a Mr. Paul Dietrich, to engage in conversation with the appellant and elicit damaging statements from him concerning the crimes with which he was charged. This the prisoner accomplished.

At trial, Dietrich was called as a witness, and he testified that the appellant told him that he had been watching the victim for a time and that he had gone to her home for the purpose of raping her. The defense objected to introduction of this testimony and moved for a mistrial. After conducting a hearing outside of the presence of the jury, the trial judge ordered the testimony stricken from the record on the ground that it violated the trial court's pretrial discovery order. The jury was ordered to disregard the testimony. The motion for mistrial was overruled.

In the second enumeration of error, the appellant argues that the use of Dietrich's testimony at trial violated his Sixth Amendment right to counsel, citing Massiah v. United States, 377 U. S. 201 (84 SC 1199, 12 LE2d 246) (1964). We agree. The appellant also argues

that Dietrich's testimony was so prejudicial to him that the error in admitting it could not be cured by the trial judge's ordering it stricken from the record and instructing the jury to disregard it. More specifically, the appellant argues that he testified at trial that he did not go to the victim's home with the intention of raping and killing her. Defense counsel testified at the habeas corpus hearing that the defense strategy was to show that the murder and rape were committed by the appellant spontaneously, without his having planned to commit these crimes. The appellant argues that Dietrich's testimony undercut the appellant's testimony as to his lack of deliberation or premeditation in committing the crimes, which at least amounted to a mitigating circumstance.

We agree with the ruling of the habeas corpus court that whether the appellant concocted the idea to murder and rape the victim before going to her home or after is largely irrelevant insofar as any legal defense is concerned. The jury imposed the death penalty under Code Ann. § 27-2534.1(b) (2) on the ground that the murder was committed while the offender was engaged in the commission of another capital felony, to wit: rape. The jury's finding of this statutory aggravating circumstance did not depend on any showing of premeditation or deliberation prior to the defendant's arriving at the scene of the crimes. While it cannot be said beyond all doubt that one or more jurors was not influenced in the sentencing phase of the trial by the stricken testimony of Dietrich, it can be said beyond a reasonable doubt that the attempted introduction of this testimony, in the context of the entire trial and considering the curative instructions given by the trial judge, does not constitute reversible error.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

ARGUED SEPTEMBER 17, 1979 — DECIDED OCTOBER 17, 1979.

*James C. Bonner, H. Gregory Fowler, Patrick T. Beall,* for appellant.

*Arthur K. Bolton, Attorney General,* for appellee.