35482, 35641. ZANT v. CAMPBELL; and vice versa.

JORDAN, Justice.

William Campbell, petitioner in habeas corpus, was convicted of murder in the Madison Superior Court and sentenced to death. This court affirmed the conviction and sentence on direct appeal and certiorari was denied by the United States Supreme Court. *Campbell v. State,* 240 Ga. 352 (240 SE2d 828) (1977), cert. den. 439 U. S. 882 (1978).

The petitioner subsequently filed a writ of habeas corpus in Butts Superior Court alleging three errors regarding his trial: (1) The grand and traverse juries had been arrayed in violation of his right, under the Sixth Amendment to the U. S. Constitution, to an impartial jury; (2) he had received ineffective assistance of counsel; and (3) the district attorney had violated his 14th Amendment due process right to a fair trial by reading to

the jury, during the sentencing phase of the trial, a prejudicial passage from *Eberhart v. State,* 47 Ga. 598 (1872).

Following a hearing on the petitioner's writ of habeas corpus, the habeas corpus trial court held that the issues of unconstitutional grand and traverse jury array had been adjudicated against the petitioner on direct appeal and were therefore not subject to adjudication by writ of habeas corpus, that the allegations of ineffective assistance of counsel were without merit, but the petitioner's 14th Amendment right to due process had in fact been violated as alleged. Accordingly, the habeas corpus court granted the petitioner's writ of habeas corpus on the third ground and remanded the petitioner's case to the Madison Superior Court for a new trial regarding sentence.

Since each of the habeas corpus court's holdings have been appealed to this court, we shall review the holdings, and the appeals arising therefrom, seriatim.

1. The evidence is undisputed that the issues of unconstitutional grand and traverse jury array were adjudicated adversely to the petitioner on direct appeal. (See Divisions 2 and 5 of *Campbell,* 240 Ga. at 355-356.) Further, it is well settled that state habeas corpus trial courts will not adjudicate issues already decided by an appellate court on direct appeal unless either the facts or the law has changed. *Brown v. Ricketts,* 233 Ga. 809, 811 (213 SE2d 672) (1975).

The appellant argues, however, that his jury challenges should be readjudicated in the present case because the United States Supreme Court, in Duren v. Missouri, — U. S. — (99 SC 664, 58 LE2d 579) (1979), changed the relevant law subsequent to the time of his direct appeal.

We noted, however, in *Gibson v. Ricketts,* 244 Ga. 482, 483 (260 SE2d 877) (1979), where the appellant's trial had been conducted in *May of 1975,* that "... Duren is based on the prior decision of the Supreme Court in Taylor v. Louisiana, 419 U. S. 522 ... (1975). Taylor v. Louisiana was decided on January 21, 1975 ... Therefore, it cannot be said that there has been any intervening change in the law that would provide any basis for the appellant's

relitigating his jury challenge."

The petitioner was convicted on August 26, 1976, and thus no error appears in this holding of the habeas corpus court.

2. The petitioner enumerates the following facts as demanding a finding of ineffective assistance of counsel: first, trial counsel consulted with petitioner for only two hours prior to his trial, and, of the twenty-four witnesses listed on the petitioner's indictment, trial counsel interviewed only five—as a result, trial counsel failed to present any evidence in mitigation at the sentencing phase of the trial; second, trial counsel failed to offer extrinsic evidence which would have established a prima facie case of unconstitutional grand jury array—as a result, petitioner's right to re-indictment was lost.

The constitutional right to assistance of counsel means not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977).

The present habeas corpus record reflects evidence from which the habeas corpus court was authorized to conclude that the petitioner's trial counsel, during the sentencing phase of the petitioner's trial, had made a general plea for mercy which included references to the petitioner's education, health and age. The petitioner has not demonstrated the existence of any other mitigating circumstances, much less that such circumstances could have been discovered if trial counsel had interviewed either the petitioner or the witnesses listed on the indictment more extensively.

Accordingly, we hold that the petitioner has failed to show any actual harm resulting from his trial counsel's failure to conduct more extensive interviews. See *Sutton v. State,* 238 Ga. 336, 337 (232 SE2d 569) (1977).

As for trial counsel's failure to raise the issue of grand jury array, we note that petitioner "in the case at bar alleges mere oversight in failing to challenge the grand jury. Such a mistake does not warrant a finding of ineffective assistance of counsel . . . The law does not require perfection of counsel . . ." *Durham v. State,* 239 Ga. 697, 701 (238 SE2d 334) (1977). Accord, *Goodwin v.*

*Hopper,* 243 Ga. 193, 194 (253 SE2d 156) (1979).

Additionally, we note that petitioner's co-indictee, Henry Drake, who was originally indicted by the same grand jury as the petitioner, was convicted and sentenced to death following re-indictment by a newly composed grand jury.

We affirm the holding of the habeas corpus court that appellant Campbell was not denied effective assistance of counsel.

3. The habeas corpus court made the following findings of fact regarding the petitioner's allegation that his 14th Amendment due process right to a fair trial was violated by the district attorney's reading of a prejudicial passage from *Eberhart v. State,* supra, to the jury: First, the district attorney had read to the jury both the passage from *Eberhart* which this court quoted and disapproved in *Hawes v. State,* 240 Ga. at 335-336, supra, and a passage of similar sentiment from *Hawkins v. State,* 25 Ga. 207 (1858) (final paragraph, p. 211); second, the district attorney had attributed the sentiment of these two passages to Justices of the Georgia Supreme Court; and third, the district attorney had offered, following several hours of jury deliberation, the award of a life sentence in return for a plea of guilty.

The habeas corpus court then made the following conclusions of law: first, the district attorney's attribution of the sentiments of the cited passages to Justices of the Georgia Supreme Court, while reading said passages to the jury, constituted error under the due process clause of the Fourteenth Amendment to the United States Constitution; and second, in view of the offer of a life sentence by the district attorney, this error could not be held harmless beyond a reasonable doubt.

We have consistently noted that the practice of influencing the jury to impose the death penalty by implying that Justices of the Georgia Supreme Court would approve such a sentence was error under the due process clause of the Fourteenth Amendment, and that accordingly, a district attorney should not read *to the jury* the cited passages from *Eberhart* and *Hawkins,* so as to attribute, in the minds of the jury, the sentiment of said passages to the Justices of this court. *Potts v. State,* 241

Ga. 67, 85 (243 SE2d 510) (1978); *Presnell v. State,* 241 Ga. 49, 62 (243 SE2d 496) (1978); *Lamb v. State,* 241 Ga. 10, 15 (243 SE2d 59) (1978); *Hawes v. State,* 240 Ga. 327, 336, supra. We note, as we did in *Potts,* that this case was tried prior to our decision in *Hawes,* supra.

The state argues however, that the district attorney did not in fact read the cited passages *to the jury,* but rather, read them *to the judge in the presence of the jury* and that, therefore, under this court's holding in *Drake v. State,* 241 Ga. 583, 587 (247 SE2d 57) (1978), said reading was not error under the due process clause of the Fourteenth Amendment.

In the present case the transcript of the petitioner's trial shows that the district attorney introduced his reading of the cited passages with the salutation, "ladies and gentlemen. . ."

Accordingly, we hold that there is sufficient evidence to support the habeas corpus trial court's finding of fact that the district attorney read the cited passages *to the jury.*

However, we do not agree with the habeas corpus trial court that we are precluded from holding that such error is harmless beyond a reasonable doubt because of its additional finding of fact that the district attorney had offered a life sentence in return for a guilty plea following several hours of jury deliberation. The facts of the petitioner's crime (see *Campbell,* 240 Ga. at 352-354) are such that the written words of a since deceased jurist could not have inflamed the jury more than those facts themselves.

Accordingly, we hold that the present error is harmless beyond a reasonable doubt. See *Presnell,* supra, at 62; *Potts,* supra, at 85-86.

The state's additional enumerations of error need not be considered.

*Judgment in Case No. 35641 is affirmed. Judgment in Case No. 35482 is reversed. All the Justices concur.*

35482, Submitted September 28, 1979; 35641, Argued January 14, 1980 — Decided March 5, 1980.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellant.
*Patrick T. Beall,* for appellee.