### 63829. TANNER v. THE STATE.

CARLEY, Judge.
Following the denial of his motion for new trial, appellant appeals his conviction of three counts of selling marijuana in violation of the Georgia Controlled Substances Act. In his sole enumeration of error, appellant contends that the assistance rendered by his retained counsel was so ineffective as to deny him his constitutional right to counsel.

Effective assistance of counsel means not errorless counsel and not counsel judged ineffective by hindsight, but counsel who is reasonably likely to render and who does render assistance which is reasonably effective. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974); *Zant v. Campbell,* 245 Ga. 368, 370 (2) (265 SE2d 22) (1980). "While other counsel, had they represented appellant, may have exercised different judgment, the fact that trial counsel chose to try the case in the manner in which it was tried, and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel. [Cit.]" *Lewis v. State,* 246 Ga. 101, 105 (268 SE2d 915) (1980).

After a careful review of the record and transcript before us, and in view of the overwhelming evidence against appellant in this case, we are unable to say that appellant did not receive reasonably effective assistance of trial counsel. *Fortson v. State,* 240 Ga. 5 (1) (239 SE2d 335) (1977); *Scott v. State,* 157 Ga. App. 608 (2) (278 SE2d 49) (1981). We find no error for any reason assigned on appeal.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 17, 1982.

*C. Ronald Patton,* for appellant.

*F. Larry Salmon, District Attorney, Bill Boling, Jr., Assistant District Attorney,* for appellee.