## S07A0194. GIBSON v. HEAD.

(646 SE2d 257)

MELTON, Justice.

A jury convicted Exzavious Lee Gibson of armed robbery and murder in 1990, he was sentenced to death for the murder, and this Court unanimously affirmed. *Gibson v. State*, 261 Ga. 313 (404 SE2d 781) (1991). Gibson filed his first state habeas petition in 1995, which was denied after an evidentiary hearing in which he appeared pro se. This Court denied Gibson's application for certificate of probable cause to appeal the denial of that first habeas petition. *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999). Gibson filed a second state habeas petition in 2000, and the habeas court, without conducting an evidentiary hearing, dismissed that second petition as successive under OCGA § 9-14-51. Gibson filed an application for certificate of probable cause to appeal in which he argued, among other things, that his trial attorney had labored under a conflict of interest because the attorney was a Special Assistant Attorney General at the time he represented Gibson. This Court remanded the case to the habeas court, ordering the court to determine if Gibson's conflict of interest claim, which was allegedly based on newly-discovered information, was procedurally barred and, if not, if it had merit. On this first remand, the habeas court concluded that the conflict claim was procedurally barred, and it heard no evidence and made no ruling regarding the underlying merits of the claim. Based on information in the trial record, this Court, on October 7, 2005, again remanded Gibson's case to the habeas court to allow Gibson to challenge his death sentence based on a recent decision by the Supreme Court of the United States barring the execution of persons who were under 18 years old at the time of their crimes. See *Roper v. Simmons*, 543 U. S. 551 (125 SC 1183, 161 LE2d 1) (2005). The habeas court vacated Gibson's death sentence based on his youth at the time of the murder, but allowed his convictions to stand by denying his other requests for relief. We granted Gibson's application for certificate of probable cause to appeal and directed the parties to address whether the habeas court erred in concluding that Gibson's conflict of interest claim was procedurally barred. For the reasons set forth below, we conclude that the habeas court's reasoning in finding Gibson's conflict of interest claim to be procedurally barred was erroneous, and we remand the case for further proceedings.

1. In considering whether Gibson's conflict of interest claim was procedurally barred and whether legally-sufficient reason to set aside that bar existed, the habeas court correctly identified a first layer of procedural bar present in this case, namely, the bar to successive habeas petitions. See OCGA § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be

raised by a petitioner in his original or amended petition. Any grounds not so raised are waived. . . ."). The habeas court then correctly noted that this first layer of procedural bar to Gibson's conflict of interest claim could be set aside if the claim was one "which could not reasonably have been raised in the original or amended petition." Id. However, after correctly identifying the law applicable to successive habeas claims, the habeas court misapplied that law in reaching the conclusion that Gibson's conflict of interest claim was procedurally barred.

As shown in the habeas court's order, the habeas court assumed that Gibson did not *actually discover* until after the conclusion of his first state habeas proceedings that his trial attorney had served simultaneously as trial counsel and a Special Assistant Attorney General. The court concluded, however, that the actual date of discovery was irrelevant because Gibson *could have discovered* the factual basis for his conflict of interest claim at any time, including before and while his first state habeas petition was pending. In reaching this conclusion, the habeas court noted that Gibson's trial attorney's employment with the Attorney General's office was a matter of public record. However, the habeas court failed to consider that Gibson was entitled to presume that his trial counsel was not laboring under an undisclosed conflict of interest, particularly the type of conflict of interest at issue here, because trial counsel had an affirmative duty arising from several sources to disclose his potential conflict. First, there was an implied duty to disclose his status as a Special Assistant Attorney General arising under OCGA § 45-15-30:

> Notwithstanding that any attorney at law under independent contract to the Department of Law has been appointed or designated either specially or generally as an assistant attorney general and thus is identified with the State of Georgia as its representative for cases arising within the scope of that appointment or designation, representation of a defendant in criminal proceedings by that assistant attorney general shall not constitute a conflict of interest *if that assistant attorney general provides written disclosure* of such appointment or designation to the defendant prior to accepting employment by that defendant or, when a court has appointed an assistant attorney general to represent an indigent criminal defendant, disclosures to the defendant and to the court, to be reflected in the record of that court, such appointment or designation as assistant attorney general.

(Emphasis supplied.) Second, Gibson's trial attorney had a clear ethical duty to disclose the potential conflict of interest. See Canons

of Ethics, former Rule 3-105 and former EC 5-16 (ethical rules in force at the relevant time). Third, the Attorney General had directed that Special Assistant Attorneys General comply with the disclosure requirements of OCGA § 45-15-30 in ordinary criminal cases and had further directed that they *never* represent a defendant in a death penalty case, regardless of whether the defendant might be willing to waive any potential conflict. Op. Atty. Gen. U84-27 (1984). Because Gibson's trial attorney had multiple duties of disclosure, Gibson was entitled to presume that the potential conflict at issue here did not exist. The situation here is analogous to the situation in *Turpin v. Todd*, where this Court held that concealment by the State of the factual basis of a claim is a "significant factor to be considered" in determining whether cause exists to overcome a procedural bar. *Turpin v. Todd*, 268 Ga. 820, 827 (2) (a) (493 SE2d 900) (1997). Although *Todd* concerned the bar arising from failure to raise a claim on direct appeal and addressed the misconduct of a bailiff, that case is highly instructive here where there is a similar procedural bar arising out of the failure to raise a claim in a first habeas petition and where the person involved in the concealment can also be regarded as an agent of the State. The habeas court's assumption that Gibson could have discovered the conflict of interest does not amount to evidence in this case that Gibson actually did discover the conflict of interest prior to filing his first habeas petition, nor would it alleviate his trial counsel of the affirmative duty to disclose the conflict of interest. Indeed, according to Gibson, the conflict of interest was not disclosed to him by his trial attorney, but accidentally discovered by his new habeas counsel.

The habeas court's order also stated that Gibson cannot possibly claim simultaneously that he was not on notice of the conflict and that he was harmed by it. However, this reasoning is unpersuasive at this stage of the proceeding because Gibson was specifically ordered by the habeas court not to present evidence about the impact of the conflict. One can only speculate whether any impact from the conflict would have put Gibson on notice of the conflict at the time of his first habeas petition.

In light of the foregoing, we hold that the habeas court erred in relying on the assumption that Gibson could have discovered his trial attorney's conflict of interest prior to filing his first habeas petition to reach the conclusion that Gibson's conflict of interest claim was barred as successive under OCGA § 9-14-51.

2. The discussion above refers to the bar to successive habeas claims as being a first layer of procedural bar. Because Gibson's conflict of interest claim was not raised on direct appeal, there is also a possible second layer of procedural bar, namely, procedural default. See OCGA § 9-14-48 (d). However, because Gibson's trial counsel also

served as counsel on direct appeal and because counsel are not expected to allege their own ineffectiveness on direct appeal, the conflict of interest claim is automatically exempt from the procedural default rule. See *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991).

3. Contrary to a statement in the habeas court's order, a conflict of interest claim is a constitutional claim and, therefore, is cognizable on habeas corpus. See *Cuyler v. Sullivan*, 446 U. S. 335 (III) (100 SC 1708, 64 LE2d 333) (1980) (addressing conflict of interest as a Sixth Amendment claim); OCGA § 9-14-42 (a) (making habeas relief available for the substantial denial of state and federal constitutional rights). See also *Mickens v. Taylor*, 535 U. S. 162 (II) (122 SC 1237, 152 LE2d 291) (2002).

4. Warden Head argues that Gibson's conflict of interest claim is barred by res judicata because Gibson raised an ineffective assistance of counsel claim in his first state habeas proceeding. The claim would not be barred by res judicata, however, if it were based on facts that were not reasonably available at the time of the first habeas proceeding. See *Gibson v. Ricketts*, 244 Ga. 482, 483 (1) (260 SE2d 877) (1979); *Brown v. Ricketts*, 233 Ga. 809, 810-811 (1) (213 SE2d 672) (1975). As with the application of the bar to successive habeas claims, application of the principle of res judicata in this case will depend on factual findings not yet made by the habeas court, namely, the precise timing of Gibson's discovery of the previously undisclosed employment of his trial counsel as a Special Assistant Attorney General.

5. In light of the foregoing discussion, we reverse the habeas court's order insofar as it found Gibson's conflict of interest claim to be procedurally barred and not cognizable on habeas corpus. On remand, the habeas court will again consider, in a manner consistent with this opinion, whether Gibson's conflict of interest claim is procedurally barred and, if not, whether it has merit.

*Judgment reversed in part and case remanded with direction. All the Justices concur.*

DECIDED JUNE 11, 2007.

*Thomas H. Dunn*, for appellant.

*Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Elizabeth A. Burton, Assistant Attorney General*, for appellee.