## S16A0920. PRINCE v. THE STATE.
### (793 SE2d 38)

HINES, Presiding Justice.

Joseph Tiger Prince has filed a notice of appeal from the dismissal of his "Motion to Vacate a Void Sentence and Mere Nullity Conviction." For the reasons that follow, we dismiss the appeal.

In 1999, Prince was convicted of the malice murder of Edgar Reagan, and, as a recidivist, was sentenced to life in prison without the possibility of parole under OCGA § 17-10-7 (b) (2);[1] this Court affirmed his conviction in *Prince v. State*, 277 Ga. 230 (587 SE2d 637) (2003). He has since filed at least two separate petitions seeking a writ of habeas corpus, the second being dismissed by the habeas court on March 14, 2013 as successive. See OCGA § 9-14-51;[2] *Gibson v. Head*, 282 Ga. 156, 156-157 (1) (646 SE2d 257) (2007).

---

[1] At the time of Prince's sentencing, OCGA § 17-10-7 (b) (2) read:

Any person who has been convicted of a serious violent felony in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole. Any such sentence of life without parole shall not be suspended, stayed, probated, deferred, or withheld, and any such person sentenced pursuant to this paragraph shall not be eligible for any form of pardon, parole, or early release administered by the State Board of Pardons and Paroles or for any earned time, early release, work release, leave, or any other sentence-reducing measures under programs administered by the Department of Corrections, the effect of which would be to reduce the sentence of life imprisonment without possibility of parole, except as may be authorized by any existing or future provisions of the Constitution.

[2] OCGA § 9-14-51 reads:

All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so

On July 15, 2015, Prince filed in the trial court a "Motion to Vacate a Void Sentence and Mere Nullity Conviction." The trial court dismissed the motion, in part, because Prince produced no evidence to support his claim that his sentence of life in prison without the possibility of parole was void.[3]

As this Court has noted:

> In *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999), we held a convicted defendant whose conviction had been affirmed on direct appeal could appeal directly a trial court's post-appeal order denying a motion to correct allegedly void sentences. We based our decision on judicial holdings that a trial court's jurisdiction to modify a sentence extends beyond its statutory limitation only when the sentence is void. Id. at 689 (2).

*Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (Footnote omitted.) See also OCGA § 17-10-1 (f).[4]

Further,

> "[a] sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). See also *Hartman v. State*, 266 Ga. 613 (5) (469 SE2d 163) (1996) (a concurrent sentence is void where a statute requires imposition of a consecutive sentence). When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not

---

raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

[3] As the trial court recognized, Prince's other claims in his "Motion to Vacate a Void Sentence and Mere Nullity Conviction" raised matters beyond any question regarding a void sentence and were outside the trial court's jurisdiction. See *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009).

[4] OCGA § 17-10-1 (f) reads:

Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void. This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification. We take this opportunity to clarify that the direct appeal authorized by *Williams* is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations. See *Saleem v. Forrester*, 262 Ga. 693 (424 SE2d 623) (1993). See also *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), where we held a defendant whose conviction had been affirmed on direct appeal was not entitled to file a direct appeal from the denial of a post-conviction motion contending the judgment of conviction was voidable.

*Jones*, supra at 670-671.

In Prince's "Motion to Vacate a Void Sentence and Mere Nullity Conviction," he contended that two prior convictions that caused him to be considered a recidivist and thus were used to sentence him to life in prison without the possibility of parole should not have been so used because he had been pardoned for those crimes, and that this resulted in a void sentence. But, assuming arguendo that such circumstance would render the resulting sentence void, Prince failed to produce any evidence whatsoever that a pardon had, in fact, been given,[5] see *Nash v. State*, 271 Ga. 281, 284-285 (519 SE2d 893) (1999). Thus, the trial court properly dismissed the motion as Prince had not established that the trial court had jurisdiction to consider his motion. See *von Thomas v. State*, 293 Ga. 569, 574-575 (2) (748 SE2d 446) (2013); *Harper v. State*, 286 Ga. 216 (686 SE2d 876) (2009);

---

[5] We note that Prince contended in his "Motion to Vacate a Void Sentence and Mere Nullity Conviction" that he was pardoned for these crimes, which involved armed robbery and burglary, in November 1996, after his 1995 indictment for the murder of Reagan, but before his 1999 trial.

*Jones*, supra. And, in his attempted appeal in this Court, Prince does not advance any enumeration of error in regard to the trial court's ruling on the lack of evidence of a void sentence.[6] Further, in the trial court, the other assertions in Prince's "Motion to Vacate a Void Sentence and Mere Nullity Conviction" did not address any issue that would result in a void sentence, and were thus outside the trial court's jurisdiction. *Harper*, supra. Consequently, Prince is not entitled to a direct appeal from the adverse ruling on his motion. *Jones*, supra.

*Appeal dismissed. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

Joseph Tiger Prince, *pro se.*

Gregory W. Edwards, District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.

---

[6] In this Court, Prince asserts that the prior convictions were too old to be considered for recidivist punishment, but such consideration is not part of the recidivist statute under which he was sentenced, see former OCGA § 17-10-7 (b) (2), and this contention would not result in a sentence that the law does not allow. See *Jones*, supra.